UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

N.B., Infant, by his Father                                **COMPLAINT**
and Natural Guardian, KAREEN BROWN,
                                                           **24 Civ.**
                          Plaintiff,
                                                           **Jury Trial Demanded**
            - against –

THE CITY OF NEW YORK;
Police Officers JOHN DOES #1-4
(whose identities are unknown but who are known to be
police officers and/or supervisory personnel of the
New York City Police Department), in their
individual and official capacities,

                          Defendants,

-------------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1.       This civil rights action is brought in response to the violent acts of police abuse

against Plaintiff N.B. Plaintiff seeks relief for the Defendants' violations of his rights as secured

by the Civil Rights Act, 42 U.S.C § 1983, and his rights secured by the Fourth and Fourteenth

Amendments to the Constitution of the United States, and the laws of the State of New York,

included the New York Family Court Act. Plaintiff was deprived of his constitutional and

common law rights when the individual defendants utilized excessive force and committed

unwarranted and malicious assaults on plaintiff, and unlawfully confined him.

## JURISDICTION AND VENUE

1.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the Constitution of the United States.  Jurisdiction is conferred

upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

2.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derives from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

3.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c), and because the claims arose and Plaintiff resides in this district.

## JURY DEMAND

4.      Plaintiff demands a trial by jury in this action on each and every one of their claims.

## NOTICE OF CLAIM

5.      Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claims against Defendant City of New York.

6.       The City assigned a claim number to Plaintiff's claims, and Plaintiff and his guardian were subjected to examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on March 7, 2023.

7.      To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant City of New York in response to this claim.

8.      This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## PARTIES

9.      Plaintiff N.B. is an African American resident of Queens County in the City and State of New York

10.      Defendant Police Officers JOHN DOES #1-4 ("John Does") are and/or were at all times relevant herein, officers, employees, and agents of the New York City Police Department ("NYPD"), a municipal agency of the City of New York.  Officer Does are being sued in their individual and official capacities.

11.      At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12.      Defendant City of New York ("CITY") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

13.     Plaintiff N.B. resides in Queens Village, New York. His father is Kareen Brown.

14.     Plaintiff is a 12-year-old child and attends PS/MS 147 in Queens, New York. He was 11 years old at the time of the incident in question.

15.     On or about December 21, 2022, Plaintiff witnessed two of his classmates at PS/MS 147 fighting and he tried to intercede to break up the fight. One of the students grabbed Plaintiff's chain necklace and ripped it, then punched Plaintiff in the face. School staff pulled Plaintiff away from the other students. School staff then conducted an investigation and determined that Plaintiff had not engaged in any misconduct and would face no disciplinary action.

16.     At the end of the school day, the Principal of PS/MS 147 advised Plaintiff to walk in a different direction than the student who had attacked him. Plaintiff did so.

17.     Plaintiff and friends he was with proceeded to walk to the McDonald's at Springfield and Linden Boulevard; as they walked, the student who had attacked him and the student's mother approached in a vehicle. The student's mother cursed at Plaintiff, threatening him and his family. Plaintiff walked away and proceeded down Linden Boulevard toward the public library.

18.     Shortly thereafter, uniformed members of the NYPD 105th Precinct approached Plaintiff and demanded his name. Plaintiff confirmed that he was N.B.

19.     The police then told him not to move, handcuffed him, and placed Plaintiff in the back of their police car.

20.     Plaintiff asked if he could call his parents. The police told him he could not.

21.     Plaintiff, as he was still handcuffed, then used the voice-activated "Siri" feature on his mobile phone to place a call to his mother. The call connected.

22.     A police officer took the phone away from Plaintiff and powered it off, but not before Plaintiff told his mother he was in a police car. A police officer asked Plaintiff how old he was, and Plaintiff truthfully told him he was 11 years old.

23.     Plaintiff's mother, who was en route to pick up Plaintiff from the library (where he had been headed to do his homework), saw the police car and pulled up alongside of it. Plaintiff's mother informed the police that Plaintiff was a minor. The police told Plaintiff's mother that "he will be at the precinct," but neglected to tell her which precinct they were referring to. Plaintiff's mother attempted to follow the police car but was not successful. She eventually figured out they were from the 105th precinct.

24.     When she arrived at the 105th, Plaintiff's mother asked to speak with Plaintiff (her son) but was told she could not. Plaintiff's father arrived at the precinct, asked to see Plaintiff, and was also refused.

25.     Plaintiff was placed in the precinct's juvenile room, where he repeatedly asked to speak with his parents.  Plaintiff tried to explain that he had done nothing wrong. No one listened to him.

26.     Plaintiff was only allowed to speak with his mother after approximately two hours in custody.

27.     No NYPD employee ever called Plaintiff's parents or allowed his parents to have contact with him for hours. Police officers claimed that they needed clearance from the Juvenile Center before they could release him. After between four and five hours in custody, Plaintiff was released. No charges were filed.

28.     NYPD failed to conduct a proper investigation prior to taking Plaintiff into custody. If they had, they would have determined that they lacked probable cause and that no police action was necessary. Police officers failed to abide by the requirements of the NYPD Patrol Guide and Administrative Guide, as well as § 305.2 of the New York Family Court Act (governing when and how officers may take children into custody), by taking Plaintiff into custody in the manner in which they did so.

29.     Plaintiff - at that time an 11-year-old child - was falsely arrested and falsely imprisoned, without notice to or contact with his parents.

30.     Plaintiff has been traumatized by the incidents of December 21. Plaintiff has been receiving counseling from his guidance counselor and school therapist about the events and continues to suffer from the actions of the police. Plaintiff's parents have also been traumatized by the thought of their child in police custody for hours, without the courtesy of an explanation.

31.     The unlawful detention of Plaintiff by the defendant police officers was in excess of their authority as NYPD officers.  This unlawful detention was made without proper cause.

32.     Defendants' conduct caused Plaintiff to sustain psychological and emotional trauma.  Their actions constituted outrageous and reckless conduct, and demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

## FIRST CLAIM FOR RELIEF

### Violation of N.B.'s Fourth Amendment and Fourteenth Amendment Rights

33.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34.     Defendants CITY via the NYPD and John Does, who were acting in concert and within the scope of their authority, arrested and caused plaintiff N.B. to be imprisoned without

probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

35.     Plaintiff N.B.  suffered injury as a result of defendants NYPD and John Does' conduct.

## SECOND CLAIM FOR RELIEF

### Violation of N.B.'s  Fourth Amendment Rights

36.     Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37.      The use of excessive force by defendants NYPD and John Does, acting in concert, in forcibly restraining plaintiff N.B. through the use of handcuffs was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

38.     Plaintiff N.B. suffered injuries as a result of defendants NYPD and John Does' conduct.

## THIRD CLAIM FOR RELIEF

### False Arrest and False Imprisonment of N.B.

39.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40.      The acts and conduct of the defendants NYPD and John Does constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff N.B. and, in fact, confined plaintiff, and plaintiff N.B. was conscious of the

confinement.  Moreover, plaintiff N.B. did not consent to the confinement and the confinement was not otherwise privileged.

41.      Defendants NYPD and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

42.      Plaintiff N.B. suffered injuries as a result of defendants' conduct.

43.      Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision

44.      Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45.      Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants NYPD and John Does, individuals who were unfit for the performance of police duties on December 21, 2022, at the aforementioned location.

46.      Plaintiff N.B. suffered injuries as a result of the conduct of defendant The City of New York.

47.      Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

48.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

50.     Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff N.B.

51.     The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff N.B. and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

52.     As a result of the foregoing, plaintiff N.B. was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

53.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

54.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

55.     Defendants' conduct was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff N.B.

56.     The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff N.B. and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57.     As a result of the foregoing, plaintiff N.B. was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

58.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS ARE WARRANTED AND APPROPRIATE

59.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.      The acts of the individual Defendants were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff's well-being, and were based on a lack of concern and ill-will towards Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff N.B. prays for relief as follows:

A.     That the jury find and the Court adjudge and decree that N.B. shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

B.     That the plaintiff recovers the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

C.      That the plaintiff has such other and further relief as the Court shall deem just and proper.


Dated:      March 20, 2024
            Hempstead, New York

                                                **BRILL LEGAL GROUP, P.C.**
                                                *Attorneys for Plaintiff*

                                        By: _____/s/_____
                                                **Peter E. Brill (PB0818)**
                                                64 Hilton Avenue
                                                Hempstead, NY 11550
                                                (516) 206-2002